SIEMENS WESTINGHOUSE POWER CORPORATION, Plaintiff,

v.

DICK CORPORATION, Defendant/Counterclaim Plaintiff,

Continental Casualty Company and National Fire Insurance Company of Hartford, Defendants.

Dick Corporation, on Behalf of the Consortium of Dick Corporation and Siemens Westinghouse Power Corporation, and Individually, Third–Party Plaintiff,

v.

AES Londonderry, L.L.C., Sycamore Ridge, L.L.C., Stone & Webster, Inc., Limbach Company and Sachs Electric Company, Third–Party Defendants.

No. 03 Civ. 364(VM).

United States District Court, S.D. New York.

March 1, 2004.

Gregory N. Chertoff, Peckar & Abramson, P.C., New York City, for Plaintiff/Counter Defendant.

John T. Bergin, Richard M. Preston, Seyfarth Shaw, Washington, DC, John C. Sabetta, Seyfarth Shaw, New York City, for Defendants/Counter Claimant.

John T. Bergin, Richard M. Preston, Seyfarth Shaw, Washington, DC, for Third–Party Plaintiff.

David J. Hatem, James K. Schwartz, Mobona F. Mohsin, Warren D. Hutchinson, Donovan, Hatem, L.L.P., Boston, MA, John D. Marshall, Jr., Griffin, Cochrane & Marshall, Atlanta, GA, Jorge M. Izquierdo–San Miguel, San Juan, PR, Rachel S. Pauley, Stephen A. Stallings, Sacks, Montgomery, P.C., New York City, Richard R. Hardcastle, III, Greensfelder, Hemker & Gale, P.C., St. Louis, MI, for Third–Party Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

The Court previously granted, in very large part, the plaintiff's summary judgment motion in this contract dispute. The plaintiff now seeks to obtain the remaining relief it sought. Because the Court concludes that the request is procedurally improper, the motion is denied.

### I. BACKGROUND

Siemens Westinghouse Power Corporation ("SWPC") and Dick corporation ("Dick") formed a consortium for the purpose of constructing a power plant. The plant construction became severely delayed, and the plant owners collected liquidated damages against the consortium by drawing upon letters of credit SWPC had posted on the consortium's behalf. The parties are now suing each other, in part, to determine how much each party is responsible for those liquidated damages. In a summary judgment Decision and Order dated October 14, 2003 ("October Order"), the Court determined that, under the parties' Consortium Agreement, Dick, not SWPC, was liable for the liquidated damages to the owners up front, and that the ultimate apportionment of those damages would to be determined according to other provisions of the Consortium Agreement. *See Siemens Westinghouse Power Corp. v. Dick Corp.*, 293 F.Supp.2d 336 (S.D.N.Y.2003).[1] SWPC was seeking an order declaring Dick liable for the about $18 million which it had paid to the owners, but, because the Court could only account for about $15 million, the Court's October Order found Dick liable for that lesser amount. *Id.* at 341. By letters dated February 3, 12 and 19, 2004, SWPC now seeks the additional $3 million.

SPWC's complaint states that, in October 2002, the owners made separate draws upon their letters of credit in the amounts of $5,434,732.80 and $620,801.20, and that the "basis for these draws, in addition to the liquidated damages assessments, was a lien filed by [a] subcontractor ... in the amount of $3,000,490.02." (Compl. ¶ 24) As part of its original summary judgment motion, SWPC included a chart listing draws in those precise amounts in October 2002 as part of the $18 million in total damages it sought. Because the $3 million amount appeared to pertain to the subcontractor's lien, the Court agreed with Dick that SWPC had not carried its burden of showing that the money at issue was properly attributable to liquidated damages.

SWPC now states that, although the owners withheld the $3 million pertaining to the lien from the consortium payments, the owners never actually drew that money from SWPC's letters of credit, and that the owners' liquidated damages draws, in fact, totaled the original $18 million it sought. SWPC proposes to submit a short affidavit explaining how the subcontractor's lien was a separate consideration from the liquidated damages calculations.[2] Dick considers SWPC's request procedurally improper but,

---

1. The Court's October Order stated that its determination as to Dick's liability would be subject to a later determination regarding certain affirmative defenses to that liability. 293 F.Supp.2d at 343. In January 2004, the Court determined that those affirmative defenses would not affect Dick's liability to pay the liquidated damages up front. *See Siemens Westinghouse Power Corp. v. Dick Corp.*, No. 03 Civ. 364, 2004 WL 95755 (S.D.N.Y. Jan. 14, 2004).

2. SWPC did not already submit that proposed affidavit to the Court because the Court limited the parties' submissions on this issue to short letter briefs.

in the alternative, seeks to file an opposition memorandum and affidavit contesting it on the merits.

## II. DISCUSSION

As an initial matter, it is unclear whether SWPC's request is a subsequent summary judgment motion, or a motion for reconsideration of the October Order. The Court need not determine the more appropriate label because, under either procedural vehicle, the motion must be denied.

■ First, treating the motion as a subsequent summary judgment motion, the Court concludes it procedurally improper. Although the Court certainly has discretion to review a successive summary judgment motion seeking precisely the same relief as before, see Wechsler v. Hunt Health Sys., Ltd., 198 F.Supp.2d 508, 514 (S.D.N.Y.2002) ("A party may renew its motion for summary judgment as long as it is supported by new material."), the Court declines to exercise that discretion here because SWPC has not raised any new facts or arguments which it could not have raised in the first round of briefing. The Court "do[es] not approve in general the piecemeal consideration of successive motions for summary judgment" because parties ought to be "held to the requirement that they present their strongest case for summary judgment when the matter is first raised." Allstate Finance Corp. v. Zimmerman, 296 F.2d 797, 799 (5th Cir. 1961). Moreover, the Court notes that this case is apparently a long way from final disposition. Dick has made clear that it will press its counterclaims which seek to offset its liability to SWPC, and adjudicating those issues will require further briefing or a trial. The Court considers it more economical to address the remaining issues in this litigation all at once, rather than invite a round of briefing on this narrow issue, especially because it appears to be contested on the merits.

■ Second, treating the motion as one for reconsideration, the Court concludes that the request, made over three and one-half months after the October Order, is far too late. Federal Rule of Civil Procedure 60(b) provides that a motion for reconsideration of an order "shall be made in a reasonable time," Fed.R.Civ.P. 60(b), and this District's local rules only permit a party ten days within which to serve a motion for reconsideration. S.D.N.Y. Local R. 6.3.

## III. ORDER

For the reasons stated, it is hereby

**ORDERED** that the request of plaintiff Siemens Westinghouse Power Corporation ("SWPC") for leave to file a motion to amend the Court's judgment authorized by the Order dated October 14, 2003, so as to declare Dick Corporation liable to SWPC in an additional amount of $3,000,490.02 of liquidated damages, is denied, without prejudice to renewal of the request in connection with the resolution of issues and claims still outstanding in this action.

**SO ORDERED.**