**SIEMENS WESTINGHOUSE POWER CORPORATION, Plaintiff,**

v.

**DICK CORPORATION, Defendant/Counterclaim Plaintiff,**

**Continental Casualty Company and National Fire Insurance Company of Hartford, Defendants.**

**Dick Corporation, on behalf of the Consortium of Dick Corporation and Siemens Westinghouse Power Corporation, and Individually, Third–Party Plaintiff,**

v.

**AES Londonderry, L.L.C., Sycamore Ridge, L.L.C., Stone & Webster, Inc., Limbach Company and Sachs Electric Company, Third–Party Defendants.**

**No. 03 Civ. 364(VM).**

United States District Court, S.D. New York.

March 16, 2004.

Gregory H. Chertoff, Peckar & Abramson, P.C., New York, NY, for Plaintiff.

John T. Bergin, Richard M. Preston, Seyfarth Shaw, Washington, DC, John C. Sabetta, Seyfarth Shaw, New York, NY, for Defendants.

### *DECISION AND ORDER*

MARRERO, District Judge.

Plaintiff Siemens Westinghouse Power Corporation ("SWPC") moves under Federal Rule of 54(b) for an order entering final judgment with respect to a claim upon which it prevailed by summary judgment. The Court's summary judgment order declared that SWPC would be entitled to reimbursement from defendant Dick Corporation

("Dick") for certain up-front payments it made to a third party on behalf of a consortium comprised of SWPC and Dick. Dick argues that the motion should be denied because its own counterclaims, which may ultimately offset its liability to SPWC, are intertwined with the issue of the up-front payments. Because the purpose of the relevant provisions of the parties' Consortium Agreement is for Dick to pay the disputed money *up front*, the Court concludes that it is proper to immediately enter judgment on SWPC's behalf. The motion is granted.

## I. *BACKGROUND*

The Court has recited the basic facts of this dispute in several decisions, most recently as follows:

> [SWPC] and [Dick] formed a consortium for the purpose of constructing a power plant. The plant construction became severely delayed, and the plant owners collected liquidated damages against the consortium by drawing upon letters of credit SWPC had posted on the consortium's behalf. The parties are now suing each other, in part, to determine how much each party is responsible for those liquidated damages. In a summary judgment Decision and Order dated October 14, 2003 ("October Order"), the Court determined that, under the parties' Consortium Agreement, Dick, not SWPC, was liable for the liquidated damages to the owners up front, and that the ultimate apportionment of those damages would be determined according to other provisions of the Consortium Agreement. *See Siemens Westinghouse Power Corp. v. Dick Corp.*, 293 F.Supp.2d 336 (S.D.N.Y.2003).[1]

*Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 553–54 (S.D.N.Y.2004) (footnote in original).

## II. *DISCUSSION*

■ A Court may enter an otherwise interlocutory order as a final judgment under Rule 54(b) where (1) there are multiple claims or parties; (2) the order at issue is a final decision within the meaning of 28 U.S.C. § 1291; and (3) there is " 'no just reason for delay.' " *See Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992) (quoting Fed.R.Civ.P. 54(b)). Dick first contends that the October Order resolving SWPC's claim is not a final decision because it may be offset by Dick's own counterclaims and is therefore intertwined with those pending counterclaims. The Court disagrees.

■ The Supreme Court has held that the "mere presence" of "nonfrivolous counterclaims" which may offset a party's liability "does not render a Rule 54(b) certification inappropriate." *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 9, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). As with any other claims, the significance of counterclaims "turns on their interrelationship with the claims on which certification is sought." *Id.* The Second Circuit has held that "[o]nly those claims 'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for rule 54(b) certification." *Ginett*, 962 F.2d at 1096. SWPC's claim for the initial liquidated damages payments is not intertwined with Dick's counterclaim because the claims "can be decided independently of each other." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76 S.Ct. 895, 100 L.Ed. 1297 (1956). That is, whether SWPC is entitled to reimbursement for the payment of liquidated damages to a third party *initially* is a simple matter of interpreting particular contract provisions which have nothing to do with the separate contract provisions determining the *ultimate* apportionment of liability as between Dick and SWPC.

■ Second, Dick argues that there *are* "just reason[s] for delay," Fed.R.Civ.P. 54(b), namely (1) the hardship that Dick will suffer in having to immediately pay a sum which may ultimately be offset by the Court's later

---

**1.** The Court's October Order stated that its determination as to Dick's liability would be subject to a later determination regarding certain affirmative defenses to that liability. 293 F.Supp.2d at 343. In January 2004, the Court determined that those affirmative defenses would not affect Dick's liability to pay the liquidated damages up front. *See Siemens Westinghouse Power Corp. v. Dick Corp.*, 299 F.Supp.2d 242 (S.D.N.Y.2004).

determinations, and (2) avoiding the possibility that Dick's potential offset would render any appellate review of the issue of initial payments moot. The Court again disagrees. Dick specifically contracted with SWPC that Dick, and not SWPC, would pay these damages up front. Were the Court to deny SWPC's motion, the Court would deprive SWPC of the benefit of its bargain by effectively erasing that contract provision. Even assuming Dick is ultimately entitled to a large, or even full, offset of the liquidated damages, that fact would not moot any appellate review on the issue of *initial* damages payments because the Consortium Agreement places importance on the *sequence* of those payments, as opposed to the ultimate net transfer of money between the joint venture partners. The Consortium Agreement specifically contemplates a sequence in which Dick pays first, and then gets reimbursed by SWPC for the appropriate amount; it does not contemplate a sequence in which SWPC pays first, and then is deprived of those funds through the end of litigation. To effectuate the parties' intentions in this regard, the Court concludes that there is no just reason for delay and that the Court's award to SWPC should be entered as a final judgment under Rule 54(b).

### III.  *ORDER*

For the reasons stated, it is hereby:

**ORDERED** that, in accordance with the Court's Decision and Order dated October 14, 2003, defendant Dick Corporation is found liable to plaintiff Siemens Westinghouse Power Corporation ("SWPC") for breach of contract in the amount of $15,041,327.98 and the Clerk of Court is directed to enter final judgment for SWPC in that amount in accordance with Federal Rule of Civil Procedure 54(b).

**SO ORDERED.**