CAMPERS' WORLD INTERNATIONAL,
INC., Plaintiff, Counter–Defendant,

v.

PERRY ELLIS INTERNATIONAL,
INC., Defendant/Counter and
Cross–Plaintiff.

and

Aris Industries, Inc., Defendant/Cross–
Defendant,

v.

Europe Craft Imports, Inc., ECI Sports-
wear, Inc., and Arnold Simon, Ad-
ditional Counter–Defendants.

No. 02 CIV. 453(RPP).

United States District Court,
S.D. New York.

April 27, 2004.

Goodman & Saperstein, Stanley R. Good-
man, Garden City, NY, for Campers' World
International.

Law Offices of Steven E. Rosenfeld, P.C.,
New York City, Adam J. Lamb, Hall, David,
and Joseph, P.A., Andrew C. Hall, Miami,
FL, for Perry Ellis International.

Krantz & Berman LLP, Marjorie Berman,
New York City, for Aris Industries, Europe
Craft Imports, Inc., ECI Sportswear, Inc.,
and Arnold Simon.

### OPINION AND ORDER

ROBERT P. PATTERSON, JR., District
Judge.

The Defendants/Cross–Defendants Aris
Industries, Inc., Europe Craft Imports, Inc.,
ECI Sportswear, Inc., and Arnold Simon (the
"Aris Parties") request to file a second sum-
mary judgment motion based on both the
settlement agreement and the release is de-
nied.

First, contrary to the contention of the
Aris Parties (letter from Marjorie Berman to
Judge Patterson of 4/23/04, at 1), the prior
motion was not made before discovery took
place. Certain discovery had taken place,
e.g., depositions were taken of Mr. Guy Kin-
berg and Mr. Mark Stern key witnesses on
the fraud claim. *See Campers' World Int'l,
Inc. v. Perry Ellis Int'l, Inc.,* No. 02 Civ. 453,
2003 WL 21403959, at *4 (S.D.N.Y. June 18,
2003) (citing depositions of Mr. Kinberg and
Mr. Stern).

Second, it is the Court's practice to advise
parties that bringing summary judgment mo-
tions prior to the end of discovery will pre-
vent that party from bringing the same mo-
tion on the same grounds at the close of
discovery.

Third, it is improper for a party to file a
successive motion for summary judgment
which is not based upon new facts and which
seeks to raise arguments it could have raised
in its original motion. *Siemens Westing-
house Power Corp. v. Dick Corp.,* 219 F.R.D.
552 (S.D.N.Y.2004) (denying to use court's
discretion to review successive summary
judgment motion because no new facts or
arguments were raised in the second motion
that could not have been raised on the first
motion for summary judgment).

Fourth, in its prior summary judgment motion, the Aris Parties had a full opportunity to raise the matter of law arguments under New York law that they now propose to make.

IT IS SO ORDERED.