**SIEMENS WESTINGHOUSE POWER CORPORATION, Plaintiff,**

v.

**DICK CORPORATION, Defendant/Counterclaim Plaintiff,**

**Continental Casualty Company and National Fire Insurance Company of Hartford, Defendants.**

**Dick Corporation, on Behalf of the Consortium of Dick Corporation and Siemens Westinghouse Power Corporation, and Individually, Third–Party Plaintiff,**

v.

**AES Londonderry, L.L.C., Sycamore Ridge, L.L.C., Stone & Webster, Inc., Limbach Company and Sachs Electric Company, Third–Party Defendants.**

**No. 03 CIV.364(VM).**

United States District Court, S.D. New York.

May 28, 2004.

Gregory N. Chertoff, Peckar & Abramson, P.C., New York, NY, for Plaintiff/Counter Defendant.

John T. Bergin, Richard M. Preston, Seyfarth Shaw, Washington, DC, for Defendants/Third–Party Plaintiff/Counter Claimant.

John C. Sabetta, Seyfarth Shaw, New York, NY, for Defendants/Counter Claimant.

David J. Hatem, James K. Schwartz, Mobona F. Mohsin, Warren D. Hutchinson, Donovan, Hatem, L.L.P., Boston, MA, John D. Marshall, Jr., Griffin, Cochrane & Marshall, Atlanta, GA, Jorge M. Izquierdo–San Miguel, San Juan, PR, Rachel S. Pauley, Stephen A. Stallings, Sacks, Montgomery, P.C., New York, NY, Richard R. Hardcastle, III, Greensfelder, Hemker & Gale, P.C., St. Louis, MI, Third–Party Defendants.

## *DECISION AND AMENDED FINAL JUDGMENT*

MARRERO, District Judge.

Plaintiff Siemens Westinghouse Power Corporation ("SWPC") moves under Federal Rule of 59(e) to amend the Court's judgment of money damages in its favor to also include prejudgment interest. Defendant Dick Corporation ("Dick") and its sureties respond that the parties contractually excluded consequential damages, including costs of capital, from any potential liability. Because prejudgment interest is mandatory under New York law, and because prejudgment interest is neither a form of consequential damages nor a cost of capital, the motion is granted.

## I. *BACKGROUND*

SWPC and Dick formed a consortium to build a power plant, but the project was severely delayed, causing the owners to assess liquidated damages against the consortium. Upon SWPC's summary judgment motion, the Court concluded that, under the parties' Consortium Agreement, Dick was liable to pay the liquidated damages up front, before the consortium parties sorted out the ultimate liability between themselves. *See Sie-*

*mens Westinghouse Power Corp. v. Dick Corp.* 293 F.Supp.2d 336 (S.D.N.Y.2003). By Decision and Order dated March 16, 2004, the Court determined, pursuant to Federal Rule of Civil Procedure 54(b), that SWPC's award of approximately $15 million in damages should be entered as a final judgment, which the Clerk of Court issued on March 31. *See Siemens Westinghouse Power Corp. v. Dick Corp.*, 220 F.R.D. 232 (S.D.N.Y.2004). SWPC now seeks to add approximately $ 1.5 million to its judgment, representing 9 percent interest from the date of the breach through March 31, 2004.

## II. *DISCUSSION*

SWPC is correct that, under New York law, "[i]nterest *shall* be recovered upon a sum awarded because of a breach of performance of a contract," N.Y. C.P.L.R. § 5001 (emphasis added), and that the statutory rate is nine percent. *See* N.Y. C.P.L.R. § 5004; *see also United Bank Ltd. v. Cosmic Int'l, Inc.*, 542 F.2d 868, 878 (2d Cir.1976) ("This Court has repeatedly held that since CPLR § 5001 is obviously phrased in mandatory terms, New York law does not permit the trial court to exercise any discretion with regard to prejudgment interest determinations.").

Dick's only response is to assert that SWPC expressly waived any claim to prejudgment interest, by virtue of the following contractual provision:

11.11 CONSEQUENTIAL DAMAGES EXCLUDED

Notwithstanding anything to the contrary elsewhere in this Consortium Agreement, neither Member shall in any event be liable to the other Member for any indirect, incidental, special or consequential damages, including but not limited to, loss of revenue, loss of profit, *cost of capital,* loss of business reputation or opportunity whether such liabili-

ty arises out of contract, tort (including negligence), strict liability or otherwise. (SWPC's Mem. of Law in Support of Motion to Amend Judgment ("SWPC Mem.") Ex. A (emphasis added)) According to Dick, the term "cost of capital" includes prejudgment interest. The Court disagrees and concludes that the terms are distinct.

■ First, the term "cost" generally refers to sums *actually paid or charged, see Black's Law Dictionary* 345 (6th ed.1990) (defining "cost" as the "sum or equivalent expended or charged for something"), whereas prejudgment interest is available to a prevailing party in a breach of contract action even without a showing that the party actually had to borrow any money or pay any interest. *See* N.Y. C.P.L.R. § 5001; *see also* 1 Dan B. Dobbs, *Law of Remedies* § 3.6(2), at 341 (2d ed.1993) (stating that, to recover statutory prejudgment interest, "the plaintiff is not required to show that he had to borrow money and pay interest").

Second, the phrase "cost of capital" is listed in contract provision as an example in a non-exhaustive list of "indirect, incidental, special or consequential damages"—terms which do not describe prejudgment interest. (SWPC Mem. Ex. A) When awarded by statute, prejudgment interest "is treated like market or general damages." Dobbs, *supra*, § 3.6(2), at 341. That is, statutory prejudgment interest is the type of damages measure which "the law itself implies or presumes to have accrued from the wrong complained." *Black's Law Dictionary, supra,* at 391 (defining general damages). By contrast, consequential damages "arise from intervention of special circumstances," *id.* at 390, and special damages are those which are "not contemplated by the parties at the time of the making of the contract." *Id.* at 392. Thus, "cost of capital" as used in the Con-

sortium Agreement, cannot be understood to encompass prejudgment interest.

The Court's conclusion is confirmed by the fact that several other courts have drawn a distinction between the type of consequential damages award of interest which may be deemed a "cost of capital" and the statutory entitlement to prejudgment interest. For instance, in *Bulk Oil (U.S.A.), Inc. v. Sun Oil Trading Co.,* 697 F.2d 481 (2d Cir.1983), an oil company was forced to borrow money to cover for a seller's breach, and then later had to make interest payments on that loan. The Second Circuit permitted the oil company to recover the interest payments on the loan (as incidental damages), as well as the statutory interest on the oil company's other losses beyond the loan. *See id.* at 482–86; *see also Minpeco, S.A. v. Hunt,* 686 F.Supp. 420, 426 (S.D.N.Y.1988) ("Minpeco's claim for interest payments is distinguishable from prejudgment interest."); *Long Island Lighting Co. v. IMO Indus., Inc.,* No. 85 Civ. 6892, 1990 WL 64588, at *4 (S.D.N.Y. May 3, 1990) ("A party to a contract may recover financing costs as incidental damages, apart from prejudgment interest allowable under New York State law."); *cf. Havens Steel Co. v. Randolph Eng'g Co.,* 813 F.2d 186, 188 (8th Cir.1987) ("In Missouri, a claim for the cost of money used to pay expenses necessitated by a breach of contract is a claim for damages, not prejudgment interest.").

## III. AMENDED FINAL JUDGMENT

For the reasons stated, the final judgment in this case entered on March 31, 2004, is amended as follows. It is hereby

**ORDERED** that defendants Dick Corporation, Continental Casualty Company, and National Fire Insurance Company of Hartford ("Defendants") are found liable, jointly and severally, to plaintiff Siemens Westinghouse Power Corporation

("SWPC") for breach of contract in the amount of $15,041,327.98, in accordance with the Court's Decision and Order dated October 14, 2003; it is further

**ORDERED** that Defendants are found liable, jointly and severally, to SWPC for $1,572,465.46 in prejudgment interest; it is finally

**ORDERED** that the Clerk of Court enter final judgment for SWPC in those amounts in accordance with Federal Rule of Civil Procedure 54(b).

**SO ORDERED.**