12-2760
Ashmore v. Prus

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand thirteen.

PRESENT:
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

Benjamin J. Ashmore, Sr.,

       *Plaintiff-Appellant*,

     v.                                    12-2760-cv

Eric I. Prus, *et al.*,

       *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:         Benjamin J. Ashmore, Sr., *pro se*, Ramsey, NJ.

FOR DEFENDANTS-APPELLEES:     Barbara D. Underwood, Cecelia C. Chang, David Lawrence, III, Eric. T. Schneiderman, New York State Office of the Attorney General, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Benjamin J. Ashmore, Sr., proceeding *pro se*, appeals from the district court's dismissal of his civil rights complaint. The district court dismissed Ashmore's complaint for lack of subject matter jurisdiction and on the ground that the defendants are immune from suit. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal from a judgment dismissing a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), we review the district court's factual findings for clear error and its legal conclusions *de novo*. *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 74 (2d Cir. 2008) (per curiam); *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Trust Co.*, 93 F.3d 1064, 1070 (2d Cir. 1996) (holding that this Court "review[s] *de novo* a district court's legal conclusion with respect to subject matter jurisdiction"). In addition, a district court has the inherent authority to *sua sponte* dismiss a complaint as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). We have not yet decided whether review of *sua sponte* dismissals is *de novo* or for an abuse of discretion. We need not do so now, however, for we conclude that the district court's decision here "easily passes muster under the more rigorous *de novo* review." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 n.2 (2d Cir. 2000) (per curiam).

The district court correctly concluded that the State of New York is immune from suit under the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984) (holding that a nonconsenting state has Eleventh Amendment immunity against monetary damages or declaratory relief).

Ashmore's claims against the defendant state judges were likewise appropriately dismissed. To the extent Ashmore seeks injunctive or declaratory relief pertaining to the admission of specific testimony in the state custody proceedings to which he was a party, his claims are barred by collateral estoppel. Under 28 U.S.C. § 1738, we must give state court judgments whatever preclusive effect the courts of that state would give them, *see Allen v. McCurry*, 449 U.S. 90, 96 (1980) (applying collateral estoppel from a state court judgment to a federal § 1983 claim), and New York "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party, whether or not the tribunals or causes of action are the same." *Parker v. Blauvelt Volunteer Fire Co., Inc.*, 93 N.Y.2d 343, 349 (1999) (alteration omitted). To the extent Ashmore seeks injunctive or declaratory relief pertaining to the admission of evidence in New York State custody proceedings other than those described in his complaint, Ashmore lacks standing. He has alleged no real or immediate threat that hearsay testimony other than that already specifically deemed admissible by the New York courts will be introduced against him in future proceedings. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983). If Ashmore does find himself in another proceeding in which the opposing party seeks to submit hearsay testimony from an expert witness, he is free to raise his due process argument at that time.

The district court also did not err in denying Ashmore leave to amend. District courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, leave to amend is not necessary when it would be futile. *Id.* (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe"). Here, granting leave to amend would be futile as the barriers to relief for Ashmore's claims cannot be surmounted by reframing the complaint. *See id.*.

We have considered all of Ashmore's remaining arguments and find them to be without merit. We expressly decline to address whether the domestic relations exception to federal subject matter jurisdiction applies to federal question actions.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4