John Willis **RICHARD**, Plaintiff,

v.

Jennifer **DIGNEAN** and Thomas Tanea, Defendants.

No. 6:11–CV–6013 EAW.

United States District Court, W.D. New York.

Signed Sept. 3, 2015.

John Willis Richard, Malone, NY, pro se.

J. Richard Benitez, NYS Attorney General's Office, Rochester, NY, for Defendants.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

### *INTRODUCTION*

*Pro se* Plaintiff John Willis Richard ("Plaintiff") brought this action against defendants Brian Fischer, Anthony Annucci, John Nuttall, Karen Bellamy, Christopher Lindquist, Albert Prack, Thomas Poole, Sheryl Zenzen, Gerard Guiney, Norman Parrish, Andrew Giannino, Jennifer Dignean, and Thomas Tanea (collectively "Defendants") pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, alleging discrimination based on his race and religion, and retaliation. (Dkt. 1). On August 7, 2014, the Court issued a Decision and Order dismissing all of Plaintiff's claims, except for his equal protection and first amendment retaliation claims against defendants Dignean and Tanea (the "August 7th Decision and Order"). (Dkt. 22). Presently before the Court is Plaintiff's motion for reconsideration of the August 7th Decision and Order. (Dkt. 28). For the following reasons, Plaintiff's motion for reconsideration is denied.

### *DISCUSSION*

#### I. Standard

The Federal Rules of Civil Procedure do not recognize a motion for "reconsideration." *See Lopez v. Goodman,* No. 10–CV–6413 CJS, 2013 WL 5309747, at *1, 2013 U.S. Dist. LEXIS 135046, at *1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams,* 147 F.3d 367, 371 n. 10 (5th Cir.1998)). "Since the Federal Rules of

Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Hill v. Washburn*, No. 08-CV6285-CJS, 2013 WL 5962978, at *1, 2013 U.S. Dist. LEXIS 159731, at *2 (W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989)). Rule 60(b) provides relief from a final order, while Rule 59(e) may be used by a party seeking to "alter or amend a judgment." *Alli v. Warden of R.N.D.C.*, No. 12 Civ. 3947(GBD), 2015 U.S. Dist. LEXIS 32022, at *2 n. 1 (S.D.N.Y. Mar. 11, 2015).

 As noted by the Second Circuit Court of Appeals, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (quotations omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must have 'a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3, 2013 U.S. Dist. LEXIS 139674, at *9 (W.D.N.Y. Sept. 27, 2013) (quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir.1989)). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been consid-

ered fully by the court.'" *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1, 2013 U.S. Dist. LEXIS 177084, at *2-3 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y.1999)).

Plaintiff's motion for reconsideration is over 90 pages long, including a 48-page affidavit and a 49-page memorandum of law. (Dkt. 28 & 28-1). Pursuant to this Court's Local Rules of Civil Procedure, memoranda of law in support of or in opposition to any motion may not exceed 25 pages in length, unless a party obtains permission to file an oversized submission. *See* L.R. Civ. P. 7(a)(2)(C). Although the Court could strike Plaintiffs motion on this ground alone, *see Liberati v. Gravelle*, No. 9:12-CV-00795 (MAD/DEP), 2013 U.S. Dist. LEXIS 137826, at *8 (N.D.N.Y. Aug. 9, 2013) (deference owed to *pro se* litigants "does not extend to relieving them of the ramifications associated with the failure to comply with the court's local rules"), *adopted*, 2013 U.S. Dist. LEXIS 82655 (N.D.N.Y. May 8, 2015), it will nevertheless consider Plaintiff's arguments.

## II. Plaintiff's motion is untimely.

Plaintiff brings his motion pursuant to Fed.R.Civ.P. 59(e) or, if his motion is not timely, pursuant to Fed.R.Civ.P. 60(b). (Dkt. 28 at 7-8).

The Local Rules of Civil Procedure for the Western District of New York state that motions for reconsideration are treated as "falling within the scope of Fed. R.Civ.P. 59(e)," and thus "must be filed and served no later than twenty-eight (28) days after the entry of the challenged judgment, order, or decree and, pursuant to Fed.R.Civ.P. 6(b)(2), no extension of time will be granted." L.R. Civ. P. 7(d)(3); *see also* Fed.R.Civ.P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the

judgment."). The Court issued its Decision and Order partially dismissing Plaintiff's claims on August 7, 2014. (Dkt. 22). Defendants filed an answer on August 27, 2014 (Dkt. 23), and the case proceeded to discovery (Dkt. 24 & 26). Plaintiff did not file his motion for reconsideration of the August 7th Decision and Order until January 7, 2015 (Dkt. 28), more than four months after the deadline to file a motion for reconsideration.[1] Accordingly, Plaintiff's motion for reconsideration may be denied as untimely pursuant to L.R. Civ. P. 7(d)(3) and Fed.R.Civ.P. 59(e).

If a Rule 59 motion is not timely filed, the motion may be treated as a Rule 60(b) motion. *United States v. Clark,* 984 F.2d 31, 32 (2d Cir.1993). A motion pursuant to Rule 60(b) must be brought "within a reasonable time" of the final judgment. *See* Fed.R.Civ.P. 60(c)(1). A four-month delay can be considered unreasonable. *See Siemens Westinghouse Power Corp. v. Dick Corp.,* 219 F.R.D. 552, 554 (S.D.N.Y.2004) ("treating the motion as one for reconsideration, the Court concludes that the request, made over three and one-half months after the ... order, is far too late."); *Gould Entm't Corp. v. Bodo,* 107 F.R.D. 308, 311 (S.D.N.Y.1985) (five-month delay is unreasonable). As a result, it would be well within the Court's discretion to reject Plaintiff's motion as untimely. Nonetheless, the Court will not do so, and instead it will consider the merits of Plaintiff's motion.

## III. Plaintiff has failed to raise an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.

■ Plaintiff's motion for reconsideration lacks merit. Plaintiff has failed to raise an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice. Plaintiff argues that there is no Second Circuit Court of Appeals precedent supporting the Court's decision to dismiss his conspiracy claims. (Dkt. 28 at 14). Plaintiff also argues that the Court should have given him the opportunity to amend his complaint to adequately state a claim with regard to his conspiracy and first amendment claims, and that he should be permitted to engage in discovery to substantiate his claims. (*Id.* at 2–3).

As to Plaintiff's contention relating to the intracorporate conspiracy doctrine, the Court is cognizant, as it was at the time it issued the August 7th Decision and Order, that the Second Circuit Court of Appeals has not issued a decision specifically addressing the use of the intracorporate conspiracy doctrine in prisoner civil rights cases.[2] However, Defendants adequately

---

**1.** Plaintiff explains that he did not file a timely motion because he "was awaiting the Notice of Entry of this major order as he is familiar with state court motion practice of 'Notice of Entry.'" (Dkt. 28 at 9). Plaintiff's unfamiliarity with the Court's rules relating to Rule 59 motions cannot cure his untimely motion. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Jo-*

*nas v. Citibank, N.A.,* 414 F.Supp.2d 411, 417 (S.D.N.Y.2006) (*pro se* status does not excuse failure to comply with procedural rules).

**2.** After the Court issued the August 7th Decision and Order, the Second Circuit Court of Appeals issued a decision, *Victory v. Pataki,* 609 Fed.Appx. 680 (2d Cir.2015). In *Victory,* the Second Circuit did not expressly address whether the intracorporate conspiracy doctrine should apply to claims by inmates against DOCCS employees, but it affirmed the district court's dismissal of the plaintiff's claims against employees of the Department

briefed dismissal based on the intracorporate conspiracy doctrine in their motion to dismiss (Dkt. 15 at 6), and this district, as well as others within the Second Circuit, have applied the doctrine to claims against Department of Corrections and Community Supervision ("DOCCS") employees. *See Graham v. Peters,* No. 13–CV705JTC, 2013 WL 5924727, at *5–6, 2013 U.S. Dist. LEXIS 156509, at *15–16 (W.D.N.Y. Oct. 31, 2013); *see also Vega v. Artus,* 610 F.Supp.2d 185, 205–06 (N.D.N.Y.2009) (dismissing Plaintiffs conspiracy claims pursuant to the intracorporate conspiracy doctrine where all of the defendants were DOCCS employees, and all were acting within the scope of their employment); *Liner v. Fischer,* No. 11 Civ. 6711(PAC)(JLC), 2013 WL 3168660, at *11 n. 12, 2013 U.S. Dist. LEXIS 88147, at *36 n. 12 (S.D.N.Y. June 24, 2013) (dismissing § 1983 conspiracy claim where all defendants were DOCCS employees acting within the scope of employment), *adopted,* 2013 WL 4405539, 2013 U.S. Dist. LEXIS 11369 (S.D.N.Y. Aug. 7, 2013); *Cole–Hoover v. N.Y. Dep't of Corr. Servs.,* No. 02–CV–00826(M), 2010 WL 2510953, at *3–4, 2010 U.S. Dist. LEXIS 60002, at *12 (W.D.N.Y. June 17, 2010) (declining to reinstate plaintiff's conspiracy claim, which was dismissed as a matter of law based on the intracorporate conspiracy doctrine); *Borrello v. N.Y. State Dep't of Corr. Servs.,* No. 00–CV–177A, 2004 WL 2191565, at *2, 2004 U.S. Dist. LEXIS 19926, at *8 (W.D.N.Y. Sept. 27, 2004) (denying plaintiff's motion to amend her complaint, including her conspiracy claim, because "this Court's previous Decision and Order dismissing plaintiff's conspiracy claim relied in part on the application of the intracorporate conspiracy doctrine. The allegations in the Proposed Amended Complaint

pertain to individual defendants all of whom are or were employees of [DOCCS] at the time of the events alleged, and therefore, the Court's prior determination applying the intracorporate conspiracy doctrine is sufficient to deny plaintiff's motion to amend the complaint to reallege the conspiracy claim.").

The Court finds the reasoning of these courts persuasive. Plaintiff's argument relating to the application of the intracorporate conspiracy doctrine, or dismissal of his conspiracy claims, does not raise an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice. Accordingly, his motion for reconsideration on this ground is denied.

Plaintiff also argues that the Court should have afforded him the opportunity to amend his complaint and engage in discovery to substantiate his claims. Although Plaintiff's entitlement to discovery and whether he should be permitted to amend his complaint were not briefed by the parties on the motion to dismiss, *see Redd v. N.Y.S. Div. of Parole,* 923 F.Supp.2d 393, 396 (E.D.N.Y.2013) (motions for reconsideration are not meant to give a party a "second bite at the apple," and should not advance new arguments or issues that could have been advanced in the original motion), the Court will address them.

 While leave to amend a complaint should be freely given "when justice so requires," Fed.R.Civ.P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir.2007). The Court is cognizant that it should generally grant *pro se* plaintiffs leave to amend "at least

of Parole based on the intracorporate conspiracy doctrine, which barred his "conspiracy

claims arising out of the zealous supervision performed by his parole officers." *Id.* at 689.

once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir.1999) (internal quotation marks omitted).

Plaintiff was previously granted permission to amend his complaint to alter the caption in March 2011 (Dkt. 10 & 11); accordingly, Plaintiff had the opportunity at that time to further elaborate on his claims. The Court disagrees that Plaintiff should have been afforded another opportunity to amend his complaint almost four years after the original complaint was filed. *See Barboza v. Riverbay Corp.,* No. 15–CV–3128 (JMF), 2015 U.S. Dist. LEXIS 95383, at *4–5 (S.D.N.Y. July 22, 2015) (denying the plaintiff leave to amend his complaint when he was already afforded previous opportunities to do so).

More importantly, as indicated by the August 7th Decision and Order, Plaintiff could not amend his complaint to state a valid claim to relief, and the complaint does not give any indication that a valid claim can be stated. *See McCree v. Messina,* No. 14–CV5201 (JPO), 2015 WL 4299546, at *6, 2015 U.S. Dist. LEXIS 92040, at *14 (S.D.N.Y. July 15, 2015) (denying leave to amend "because the alleged facts do not rise to the level of [a constitutional] violation," and concluding that "[the plaintiff] could not amend his complaint to state a valid claim to relief"); *see also Ashmore v. Prus,* 510 Fed.Appx. 47, 49 (2d Cir.2013) (leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint), *cert. denied,* —— U.S. ——, 133 S.Ct. 2038, 185 L.Ed.2d 887 (2013); *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000) (denying leave to amend a *pro se* complaint where amendment would be futile). Indeed, in deciding the motion to dismiss, the Court construed the complaint liberally where a valid claim

could be stated. (*See* Dkt. 22 at 20 ("Construing Plaintiff's allegations in the light most favorable to him, particularly with regard to Plaintiff's *pro se* status, the Court finds that Plaintiff has sufficiently alleged that he was treated differently than similarly-situated individuals."); *id.* at 25 ("Although pled unartfully, Plaintiff has alleged a nexus between his protected activity and the alleged adverse action to state a claim for retaliation.")).

Although Plaintiff states in his response to the motion to dismiss that he is in need of discovery to substantiate his claims (Dkt. 18 at 21), a request for discovery does not cure an otherwise inadequate pleading. *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *S. Cherry St., LLC v. Hennessee Grp., LLC,* 573 F.3d 98, 113–14 (2d Cir.2009) (noting that plaintiff's speculation that discovery would reveal facts to support claims "underscores, rather than cures, the deficiency in the Complaint."); *Johnson v. Cnty. of Nassau,* 411 F.Supp.2d 171, 176 (E.D.N.Y. 2006) (finding that plaintiff's request that the court deny motion to dismiss "until he has had an opportunity to conduct further discovery ... puts the cart before the horse and ignores the fact that discovery has to be tied to a pleading which passes muster under Rule 12(b)(6).").

Plaintiff has failed to raise any change of law or new evidence in support of reconsideration. Plaintiff's motion is inadequate to justify reconsideration and is therefore denied.

## IV. Plaintiff's motion for an interlocutory appeal is denied.

 Plaintiff also requests that he be permitted to submit his conspiracy claim to the Second Circuit Court of Ap-

peals so that he may obtain a decision relating to the application of the intracorporate conspiracy doctrine. (Dkt. 28 at 26). Plaintiff also wishes to submit to the Second Circuit Court of Appeals the applicability of "Correctional Law 138(4)(5)" to his case. (*Id.* at 27).

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal where "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and ... an immediate appeal from the order may materially advance the ultimate termination of the litigation...." 28 U.S.C. § 1292(b). The standard for granting an interlocutory appeal is strict. "[L]eave to appeal from interlocutory orders should be granted only in exceptional circumstances [that] ... overcome the general aversion to piecemeal litigation and justify departing from the basic policy of postponing appellate review until after the entry of a final judgment." *Picard v. Estate of Madoff,* 464 B.R. 578, 582–83 (S.D.N.Y.2011) (citation and quotation omitted). "Interlocutory appeals are strongly disfavored in federal practice. Movants cannot invoke the appellate process as a vehicle to provide early review of difficult rulings in hard cases. Only exceptional circumstances will justify a departure from the basic policy of avoiding appellate review until a final decision on the merits." *Glatt v. Fox Searchlight Pictures Inc.,* No. 11 Civ. 6784(WHP), 2013 WL 5405696, at *1, 2013 U.S. Dist. LEXIS 139594, at *3 (S.D.N.Y. Sept. 17, 2013) (internal quotations and citations omitted).

Plaintiff has failed to demonstrate the "exceptional circumstances" warranting interlocutory appellate review based on application of the intracorporate conspiracy doctrine. The intercorporate conspiracy doctrine has been applied by this district

and others within the Second Circuit Court of Appeals for more than ten years, and those decisions have not been reconsidered or overturned. Plaintiff may appeal this issue to the Second Circuit Court of Appeals at the conclusion of the case.

Further, the August 7th Decision and Order addressed Plaintiffs complaint relating to New York Correction Law § 138, which requires prison officials to post rules relating to inmate misconduct. (Dkt. 22 at 31). As an initial matter, it does not appear that a violation of Correction Law § 138 states a constitutional violation, *see Gill v. Hoadley,* 261 F.Supp.2d 113, 131 n. 12 (N.D.N.Y.2003); *see also Mingo v. Fischer,* No. 9:14–CV–0235 (MAD/TWD), 2014 WL 2918599, at *6–7, 2014 U.S. Dist. LEXIS 87231, at *17–18 (N.D.N.Y. June 26, 2014), and there does not appear to be conflicting authority among district courts within the Second Circuit Court of Appeals relating to application of this section.

Further, Correction Law § 138 does not apply here, where Plaintiff is challenging prison employment policies. In the August 7th Decision and Order, the Court found that Plaintiff stated an equal protection claim with regard to the prison employment policy as being unfairly enforced against him due to his race and religion. (Dkt. 22 at 20). In other words, although Plaintiff is unable to state a claim for enforcement of the policy against him pursuant to Correction Law § 138, he may proceed under an equal protection theory to recover for any alleged injury caused by enforcement of this policy. Because Plaintiff has not raised any exceptional circumstance regarding this issue pertaining to Correction Law § 138, his request for certification on this basis is denied.

## CONCLUSION

The Court has considered Plaintiff's remaining arguments and finds them to be

without merit. For the foregoing reasons, Plaintiff's motion for reconsideration is denied. To the extent the parties believe that the deadlines in the current Scheduling Order (Dkt. 26) need to be extended, they should confer and submit a jointly proposed amended scheduling order to Magistrate Judge Payson.

SO ORDERED.